# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN REGINAL SHAW, CDCR# BE-2860,<br><br>                Plaintiff,<br><br>vs.<br><br>JESSICA MARSHALL; VICTORIA F. RAMIREZ; COURTNEY DENICE,<br><br>                Defendants. | Case No.: 3:25-cv-00878-JES-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1)** |

Plaintiff Shaun Reginal Shaw ("Plaintiff"), currently incarcerated at the Male Community Reentry Program in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff seeks to sue his two Public Defenders and an investigator from that same office for violating his federal Constitutional right to a fair trial and due process by allegedly conspiring against him in his criminal case and offering perjured testimony. *Id.* at 1–6.

Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint. Instead, he has filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2. For the reasons discussed below, the Court grants Plaintiff's IFP motion and dismisses the Complaint for failure to state a claim upon which relief may be granted.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, all prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016), regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). A prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce*, 577 U.S. at 84.

      Plaintiff's prison certificate shows an average monthly balance of $0.00 and average monthly deposits of $0.00, with an available balance of $0.00. ECF No. 2 at 4. Therefore, the Court **GRANTS** Plaintiff's motion to proceed IFP and assesses no initial partial filing fee because it appears Plaintiff may have no means with which to pay one. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.") While the Court does not assess an initial partial filing fee, Plaintiff is required to pay the entirety of the $350 filing fee required by 28 U.S.C. § 1914 pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(1).

## II.    Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b)

### A.    Standard of Review

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

    "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d

1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) ("Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B. Factual Allegations

Plaintiff explains that he "was accused of attacking a man with a hatchet over a property dispute on February 18, 2017," but that he "could not have committed the crime because I was inside the store Home-Depot shopping" at that very same time. ECF No. 1 at 4. Plaintiff states that "around February 2017," he informed Defendants Public Defenders Marshall and Ramirez, his defense attorneys, of the existence of the Home Depot surveillance footage that would show he had been shopping at the time the victim claimed Plaintiff had committed the charged crimes. *Id.* at 3. Plaintiff claims that while Marshall "promised" him that she would subpoena the footage, she instead conspired with the other two Defendants to commit an "act of fraud upon the court," in which they failed to serve a subpoena on Home Depot but instead created a "fraudulent" subpoena with Defendant Public Defender Investigator Denice's name and signature on the proof of service. *Id.* at 3–5.

Plaintiff further alleges Defendant Ramirez falsely claimed she did not know why Home Depot did not provide surveillance footage in response to the subpoena. *Id.*; *see also* ECF No. 1-7 at 2. He asserts Ramirez "g[a]ve perjurious testimony" to the trial court when she stated that she and Defendant Marshall had applied for and served a subpoena on this matter, and that all three Defendants "committed a crime of fraud" by lying about the subpoena to both Plaintiff and to the trial court. *Id.* at 3–5. Plaintiff contends Defendants' actions deprived him of alibi evidence and states: "It is my strong belief that if Defense Counsel would have presented my alibi evidence at my trial the jury would have acquitted me of all charges at the trial." *Id.* at 3–4.

Plaintiff asserts that because of these "fraudulent and unethical violations," he was convicted of the charged crime and sent to state prison, where he remains. *Id.* at 6. Plaintiff states also that he "ha[s] been physically injured while in prison, on or around December 2, 2023," sustaining injuries to his "face, lips, eyes, and rib cage" which resulted in a hospital trip. *Id.* Plaintiff asserts he has also lost income due to his incarceration, and has suffered from anxiety and emotional distress "due to unprofessional violations by all three Defendants." *Id.* Plaintiff seeks compensatory and punitive damages. *Id.* at 7.

### C. Discussion

Plaintiff asserts his Sixth and Fourteenth Amendment right to a fair trial were violated by Defendants Public Defenders Marshall and Ramirez and Defendant Public Defender Investigator Denice. ECF No. 1 at 1–2.

#### 1. Color of State Law

Plaintiff has failed to state a claim against any of the three named Defendants because he has failed to show they were acting under color of state law. First, with respect to Marshall and Ramirez, Plaintiff's allegations concern actions they took as part of their representation, as public defenders, of Plaintiff in his criminal case. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Georgia v. McCollum*, 505 U.S. 42, 53 (1992) (discussing prior holding in

*Polk* that "a public defender does not qualify as a state actor when engaged in his general representation of a criminal defendant.") (footnote omitted); *see also Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (en banc) ("[The public defender] was, no doubt, paid by government funds and hired by a government agency. Nevertheless, h[er] function was to represent h[er] client, not the interests of the state or county. The result reached . . . in holding [s]he was not a state actor, is required by the Supreme Court's decision in *Polk County*.")

This same reasoning applies to Denice, an investigator with the Public Defender Office who also worked on his case with the other two Defendants. *See* ECF No. 1 at 2; *see Mason v. California*, 2021 WL 1593245, at *5 (C.D. Cal. Mar. 24, 2021) ("Publicly-appointed investigators also do not act under color of state law."), citing *Cook v. County of Fresno*, 2018 WL 6044922, at *3–4 (E.D. Cal. Nov. 19, 2018) (same). Accordingly, Plaintiff fails to state a claim against any Defendant because none of them were acting under the color of state law within the meaning of § 1983. *See Polk County*, 454 U.S. at 325; *Miranda*, 319 F.3d at 468; *Mason*, 2021 WL 1593245, at *5; *see also Tsao*, 698 F.3d at 1138 (requiring in relevant part that "[t]o establish § 1983 liability, a plaintiff must show . . . that the deprivation was committed by a person acting under color of state law.")

    2.    *Heck* Bar

Plaintiff also fails to state a claim for damages because his claims implicate the validity of his criminal conviction. The United States Supreme Court has held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or

    sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (footnote omitted). As such, a claim for damages or declaratory relief attributable to an impliedly unlawful conviction or sentence, which has not been invalidated, is not cognizable under Section 1983. *See Edwards v. Basilok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 487.

    Here, Plaintiff's claims are based on his assertion that the Defendants' actions with respect to the requested subpoena violated his federal Constitutional rights and resulted in his wrongful conviction and current incarceration. *See* ECF No. 1 at 3–6. In short, he plainly contends Defendants' actions (or more accurately, lack of action due to negligence and subsequent deceit) resulted in Plaintiff's underlying conviction. Thus, a judgment in Plaintiff's favor would "necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487. As such, Plaintiff may only proceed if he can first demonstrate that his conviction "has already been invalidated." *Id.*; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.")

    Plaintiff does not allege that his conviction has been invalidated and instead affirmatively indicates that he is currently incarcerated for this very conviction. *See* ECF No. 1 at 6. Since Plaintiff does not dispute that his conviction and sentence has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," the claims arising out of his conviction are barred by *Heck*. *Id.*, 512 U.S. at 487; *see also Trimble v. City of Santa Rosa*, 49 F.3d 583, 584–85 (9th Cir. 1995) (per curiam) (*Heck* barred civil rights action pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, ineffective assistance of counsel by public defenders "[b]ecause [Plaintiff's] . . . allegations necessarily imply the invalidity of his conviction and because

he did not show that his conviction has been invalidated."); *Combs v. Pasto*, 2011 WL 3606701, at * 2 (S.D. Cal. Aug. 15, 2011) ("[T]o the extent Plaintiff seeks damages under 42 U.S.C. § 1983 based on the alleged ineffective assistance of his trial counsel, his claim amounts to an attack on the validity of his underlying criminal proceedings, and as such, is not cognizable under 42 U.S.C. § 1983 unless and until he can show that conviction has already been invalidated."), citing *Heck*, 512 U.S. at 486–87.

Plaintiff indicates he previously brought a "motion to vacate judg[]ment" in this district in case number "3-2-CV-01875-G.P.C. (DEB.)" for these same acts, which was denied.[2] *See id.* Further review reflects Plaintiff in fact previously presented and litigated a federal habeas petition pursuant to 28 U.S.C. § 2254 in this district, in which he similarly raised allegations concerning his trial counsels' asserted failure to procure surveillance video via subpoena that Plaintiff contends could have provided an alibi for the charged crime.[3] *Compare* ECF No. 1 at 2–6 *with* ECF No. 1 at 6–21 in *Shaw v. Sherman, et al.*, S.D. Cal. Case No. 3:20-cv-1875-GPC-DEB. The Court denied the federal habeas petition on October 13, 2022, and on July 18, 2023, and August 15, 2023, respectively, denied Plaintiff's subsequent motions to vacate judgment and for a stay. *See* ECF Nos. 16, 32, 34 in *Shaw v. Sherman, et al.*, S.D. Cal. Case No. 3:20-cv-1875-GPC-DEB.

///

///

---

[2] Plaintiff indicates that he has also sought relief in habeas petitions brought before the state superior, appellate and supreme courts, all of which were denied. *See id.* at 7.

[3] The Court takes judicial notice of the proceedings in *Shaw v. Sherman, et al.*, S.D. Cal. Case No. 3:20-cv-1875-GPC-DEB. *See* Fed. R. Evid. 201(b); *see also Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (noting courts "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, because Plaintiff does not allege his conviction has been reversed, expunged, invalidated, or called into question, his claims must be dismissed. *See Heck*, 512 U.S. at 486–87; *see* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

### 3. Leave to Amend

Finally, while the Court would ordinarily grant Plaintiff leave to amend in view of his pro se status, because it is evident Defendants were not acting under the color of state law within the meaning of § 1983 and because Plaintiff's claims are in any event barred by *Heck*, the Court declines to grant Plaintiff leave to amend his complaint because amendment would be futile. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *United States ex rel. Insoon Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) ("Futility of amendment can, by itself, justify the denial of . . . leave to amend.")

## III. Conclusion and Order

Good cause appearing, the Court:

(1) **GRANTS** Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

(2) **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account and forward the $350 owed in monthly payments in an amount equal to twenty (20%) percent of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10.00 pursuant to 28 U.S.C. § 1915(b)(2).

(3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

(4) **DISMISSES** this civil action *sua sponte* and in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1) without leave to amend.

1    (5) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

(6) **DIRECTS** the Clerk of the Court to enter judgment and close the file.

**IT IS SO ORDERED**.

Dated: June 6, 2025

_____
Honorable James E. Simmons Jr.
United States District Judge